# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WEST BEND MUTUAL INS. CO.,**
        **Plaintiff,**

v.                                             Case No. 20-cv-1600

**TRAVELERS PROPERTY CAS. CO. OF AMERICA,**
        **Defendant.**

## DECISION AND ORDER

The parties in this case, both insurance companies, dispute whether Defendant is responsible for defending and indemnifying a personal injury case in Minnesota state court. Plaintiff, which ultimately defended the Minnesota lawsuit to its conclusion, filed this case in Washington County (WI) Circuit Court and seeks a judgment for the costs of defense and indemnification of the Minnesota lawsuit. Defendant removed to federal court and now moves to dismiss the complaint for failure to state a claim. As explained below, the motion is **GRANTED**.

## I. BACKGROUND

On November 11, 2013, there was a motor-vehicle accident in Minnesota involving John Williams and Robert Pohl. At the time of the accident, Pohl was driving a truck for his employer, Pipeline Supply, Inc. ("Pipeline"). Pohl rear-ended Williams, who sued Pohl and Pipeline in Minnesota state court for personal injuries caused by the accident. *See* ECF 1-1 at 5–10 (Plaintiff's complaint), ¶¶ 8–9. Williams later filed an amended complaint that named Dakota Supply Group, Inc. ("DSG") as the co-defendant instead of Pipeline, *see* ECF 1-1 at 13–18, because DSG absorbed Pipeline in a 2016 merger. Compl., ¶¶ 6, 20. In doing so, DSG assumed all of Pipeline's liabilities and Pipeline ceased to exist as a matter of law, leaving only DSG as possessor of the liability from the Minnesota accident. *Id*. At the time of the accident, Plaintiff insured Pipeline and Defendant insured DSG. *Id*., ¶¶ 4–5.

Plaintiff initially defended the Minnesota lawsuit because the first complaint named Pohl and Pipeline as defendants. *Id*., ¶¶ 9, 11. When Williams filed his amended complaint adding DSG and removing Pipeline, Plaintiff contacted Defendant, requesting that Defendant defend and indemnify the Minnesota lawsuit because (1) DSG was now the named co-defendant and (2) Defendant insured DSG at the time of the accident. *See id*., ¶¶ 12–27.

Defendant refused, maintaining that its policy with DSG for the relevant period did not cover the Minnesota accident because the policy contains a provision that specifically excludes any liability assumed by contract or agreement, which is how DSG assumed liability for the Minnesota accident. *Id*., ¶¶ 15–16; ECF 4. Specifically, the provision says that, "This insurance does not apply to… Liability assumed under any contract or agreement." ECF 1-1 at 44, ¶ B(2). Any liability "[t]hat the 'insured' would have in the absence of the contract or agreement" remains covered by the policy. *Id*., ¶ B(2)(b).

Plaintiff asserts that it is entitled to damages for defending and indemnifying the Minnesota lawsuit, Compl., ¶¶ 28–31, which has been resolved in binding arbitration. *See* ECF 17 & 17-1.[1]

## II. STANDARD OF REVIEW

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[1] On December 21, 2020, I issued a show cause order requiring Plaintiff to demonstrate why this case should not be stayed pending resolution of the Minnesota lawsuit, as federal courts often decline to hear disputes over the scope of insurance coverage where there is an underlying state court case. *See* ECF 14 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942), and other cases). Plaintiff explained that the Minnesota lawsuit, having been resolved in binding arbitration, has effectively concluded. *See* ECF 15, 15-2, 17, & 17-1. Defendant also believes that a stay is not necessary. I agree. The conclusion of the Minnesota lawsuit means there is no longer state court litigation that could address these issues or that our case could interfere with.

2

Case 2:20-cv-01600-LA   Filed 04/08/21   Page 2 of 5   Document 19

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citing cases). *See also Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018).[2]

### III. DISCUSSION

"General principles of contract interpretation apply to insurance policies." *Progressive Specialty Ins. Co. v. Widness ex rel. Widness*, 635 N.W.2d 516, 518 (Minn. 2001). If the relevant language is clear and unambiguous, it should be given its usual and accepted meaning. *Id*. Courts should avoid creating ambiguities where none exist. *See Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 34 (Minn. 1979).[3]

Defendant argues that its policy with DSG does not cover the Minnesota accident and lawsuit because of a provision that excludes liability "assumed under any contract or agreement." *See* ECF 1-1 at 44, ¶ B(2) ("This insurance does not apply to… Liability assumed under any contract or agreement."). The policy only covers liabilities "[t]hat the insured would have *in the absence of the contract or agreement*." *Id*., ¶ B(2)(b) (emphasis

---

[2] While neither party challenges jurisdiction, I note that Plaintiff is a Wisconsin corporation with its principal place of business in Wisconsin. *See* ECF 1 (notice of removal), ¶ 3(a). Likewise, Defendant is a Connecticut corporation with its principal place of business in Connecticut. *Id*., ¶ 3(b). The amount in controversy also appears to easily exceed the statutory minimum. *See* ECF 17-1, ¶ 2 (private arbitration agreed on according to "high/low arrangement by which the Plaintiff's award would be no more than $3,500,000.00, but no less than $350,000.00"). Accordingly, jurisdiction under 28 U.S.C. § 1332 is appropriate.

[3] The parties do not address the choice of law issue, agreeing that Minnesota, North Dakota, and Wisconsin law are functionally identical for purposes of this decision. ECF 4 at 10, n.3; ECF 8 at 3, n.1. A district court sitting in diversity must apply the choice of law rules of the forum state to determine which state's substantive law governs. *W. Bend Mut. Ins. Co. v. Arbor Homes LLC*, 703 F.3d 1092, 1095 (7th Cir. 2013) (citing cases). For contractual disputes, Wisconsin courts apply the "grouping of contacts" rule, which requires considering several factors. *See J3 Eng'g Grp., LLC v. Mack Indus. of Kalamazoo, LLC*, 390 F.Supp.3d 946, 953–54 (E.D. Wis. 2019) (citing cases). *See also NCR Corp. v. Transp. Ins. Co.*, 2012 WI App 108, ¶ 13.

Most of these factors cannot be evaluated for lack of facts in the record. Defendant cites a combination of Minnesota, North Dakota, and Wisconsin cases; Plaintiff cites primarily to Minnesota decisions. *See* ECF 4 & 8. Accordingly, I will apply Minnesota law for purposes of this decision. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011). However, I also note that the issues in this case are not particularly complicated and therefore doubt that applying another state's law would result in a different outcome.

added). Because DSG (1) assumed the liability from the Minnesota accident due to its merger agreement with Pipeline and (2) would not have assumed the liability in the absence of the merger agreement, the policy does not cover the Minnesota accident and Defendant therefore has no obligation to defend and indemnify.

I agree. As the complaint alleges, DSG bought and in 2016 entered into a merger agreement with Pipeline, assuming all of Pipeline's liabilities in the process. Compl., ¶¶ 6, 20. This liability from 2013, inherited from Pipeline, was thus assumed by "contract or agreement" and falls within the policy's contractual assumption exclusion. *See* ECF 1-1 at 44, ¶ B(2). DSG obviously acquired this liability by agreeing to merge with Pipeline; Pohl was not DSG's employee, nor did DSG make Pipeline a named insured under the policy. *See* ECF 1-1 at 28 (list of policy's named insureds). Plaintiff argues that "DSG possesses liability absent a contract or agreement because it received Pipeline's outstanding liabilities pursuant to a merger statute," but the statute Plaintiff cites assumes an executed merger agreement that already exists; it is not, as Plaintiff asserts, an act that effected the DSG-Pipeline merger. *See* ECF 8 at 16; Compl., ¶¶ 6–7. *See also* N.D. Cent. Code § 10-19.1-102.2.f. ("When a merger becomes effective… The surviving organization is responsible and liable for all the liabilities and obligations of each of the constituent organizations.").

As Defendant rightly notes, absent the DSG-Pipeline merger agreement, DSG simply would not possess the liability at issue because there would have been no merger and Pipeline would still exist independently.[4] This basic fact makes the contractual assumption

---

[4] This result makes sense: it would be unreasonable for an insured to "unilaterally impose liabilities on insurers" in this manner. *See*, *e.g.*, *Land O' Lakes, Inc. v. Emps. Mut. Liab. Ins. Co. of Wisconsin*, No. 09-CV-0693, 2010 WL 5095658, at *5 (D. Minn. Nov. 24, 2010) ("Travelers could not possibly have intended, nor reasonably have been understood, to have insured not only these three companies as they existed in 1964, but also any and all other companies that one of these three companies might acquire years after the policy expired."). *See also Cont'l Ins. Co. v. Daikin Applied Americas Inc.*, 473 F.Supp.3d 939, 947 (D. Minn. 2019) ("To allow these corporate transactions that occurred after the expiration of the Policies to create new insureds would fundamentally alter the agreed upon coverage.").

provision controlling and excludes any coverage of the Minnesota accident under Defendant's policy. *See* ECF 1-1 at 44, ¶ B(2)(b).[5]

I conclude that Plaintiff presents no plausible claim that Defendant is responsible for coverage of the Minnesota lawsuit and dismiss this case accordingly.[6]

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that Defendant's motion to dismiss (ECF 3) is **GRANTED**. This case is **DISMISSED**. **The Clerk of Court shall enter final judgment accordingly**.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2021.

s/Lynn Adelman
LYNN ADELMAN
District Judge

---

[5] Plaintiff does not argue in its brief that the other exception found in paragraph B(2)(a) applies, *see* ECF 8, which says that liabilities assumed in an "insured contract" are covered, "provided the 'bodily injury' or 'property damage' occurs *subsequent* to the execution of the contract or agreement[.]" ECF 1-1 at 44, ¶ B(2)(a) (emphasis added). Regardless, assuming the merger agreement is an "insured contract," this exception is inapplicable since the injury here occurred in November 2013, well before the execution of the merger agreement in 2016.

[6] Ordinarily, upon granting a motion to dismiss, I allow an opportunity to amend the complaint. Here, however, I find the claims to be fundamentally defective, rendering any amendment futile.